IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT COURT OF NEVADA

Civil Action No. 23-CV-00385

LIANA ALLEN,

    Plaintiff,

v.

KILOLO KIJAKAZI, Acting Commissioner of the Social Security Administration,

    Defendant.

## PLAINTIFF'S UNOPPOSED MOTION TO MODIFY SCHEDULING ORDER OR, IN THE ALTERNATIVE, TO FILE OUT OF TIME

Plaintiff, Liana Allen, through the undersigned attorney, respectfully request that this court modify the scheduling order or, in the alternative, allow her to file her opening brief out of time. In support of this request, she states the following.

1. Plaintiff's opening brief was due December 1, 2023. (JCMP 2) On December 13, 2023, Plaintiff filed an unopposed Motion for Extension of Time ( the "Motion") to allow for more time in which to file the opening brief.

2. Through a clerical error, Plaintiff's counsel's staff failed to accurately calendar the correct date of when to have the Opening Brief completed by.

3. Plaintiff's counsel discovered this error today when reviewing the court's case management order that was signed on October 27, 2023, and issued on October 30, 2023. (Dkt. No. 12). The order directs Plaintiff to file her motion to reverse or remand within 60 days of the

    filing of the administrative record, which had already been filed on October 2, 2023 (Dkt. No. 11), rather than within 60 days of the order itself.

4. Plaintiff's counsel regrets the error and respectfully requests leave to modify the scheduling order or file out of time such that Plaintiff's opening brief would be due on December 27, 2023.

5. A scheduling order may be modified for good cause and with the judge's consent. Fed.R.Civ.P. 16(b)(4). Good cause is shown if a movant cannot reasonably meet the scheduling order despite its diligence. Advisory Committee Notes to 1983 Amendment to Fed.R.Civ.P. 16(b).

6. A filing deadline may be extended by motion made after the deadline has passed upon showing of excusable neglect. Fed.R.Civ.P. 6(B)(1)(b). Excusable neglect is evaluated under four factors:

    (1) the danger of prejudice to the opposing party;

    (2) the length of the delay and its potential impact on the proceedings;

    (3) the reason for the delay; and

    (4) whether the movant acted in good faith.

    Bateman v. U.S. Postal Serv., 231 F.3d 1220, 1223–24 (9th Cir. 2000).

7. Defendant will not be prejudiced if Plaintiff is permitted to file her opening brief out of time. The record and Defendant's obligations will remain unchanged. As this case is an administrative appeal and no hearing has been requested, the delay should have minimal impact on the judicial proceedings. Further, Plaintiff requested the extension of time due to her counsel's error in interpreting the case management order. Counsel takes the error of

calendaring incorrectly very seriously; however, it was an accident. Plaintiff and her counsel have acted in good faith.

8. Plaintiff's undersigned counsel contacted Defense counsel Oscar Gonzalez on behalf of Kilolo Kijakazi, by telephone and by email. Mr. Gonzalez indicated that he did not object to this motion.

WHEREFORE, Plaintiff respectfully requests that this Court grant this motion to amend the scheduling order, or in the alternative, to file out of time to ensure the Plaintiff is not harmed by her counsel's error.

Dated: December 13, 2023

s/Brandon Selinsky, Esq.
Rocky Mountain Disability Law Group
2000 S. Colorado Blvd
Tower One, Suite 9500
Denver, CO 80222
Telephone: (303) 534-1958
Fax: (303) 534-1949
Email: brandon@rmdlg.com
Attorney for Plaintiff

IT IS SO ORDERED.

DATED: December 14, 2023.

_____
UNITED STATES MAGISTRATE JUDGE