UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LIANA ALLEN,<br><br>    Plaintiff<br><br>v.<br><br>MARTIN O'MALLEY,<br>Commissioner of Social<br>Security Administration,<br><br>    Defendant | Case No.: 3:23-cv-00385-LRH-CSD<br><br>**Report & Recommendation of<br>United States Magistrate Judge**<br><br>Re: ECF No. 15 |

This Report and Recommendation is made to the Honorable Larry R. Hicks, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Plaintiff's Motion for Reversal and/or Remand. (ECF No. 15.) The Commissioner filed a response. (ECF No. 17.) Plaintiff filed a reply. (ECF No. 18.)

After a thorough review, it is recommended that Plaintiff's motion be denied.

## I. BACKGROUND

On April 2, 2012, Plaintiff protectively completed an application for disability insurance benefits (DIB) under Title II of the Social Security Act, alleging disability beginning on February 1, 2007. (Administrative Record (AR) 148-149.) The application was denied initially and on reconsideration. (AR 99-103, 105-111.)

Plaintiff requested a hearing before an administrative law judge (ALJ). (AR 113.) ALJ Sara A. Gillis held a hearing on January 27, 2015. (AR 38-70.) On April 13, 2015, the ALJ issued a decision finding Plaintiff not disabled. (AR 20-35.) Plaintiff requested review, and the

1  Appeals Council denied the request, making the ALJ's decision the final decision of the
2  Commissioner. (AR 1.) Plaintiff then commenced an action for judicial review under 42 U.S.C.
3  § 405(g), case 3:16-cv-00534-MMD-WGC. Plaintiff argued that the ALJ failed to set forth
4  persuasive, specific, and valid reasons for discounting her Veterans Affairs (VA) disability
5  rating, and that the ALJ did not adequately explain why she accepted the vocational expert's
6  (VE) testimony when it contradicted the Dictionary of Occupational Titles (DOT).
7        Chief District Judge Du issued an order addressing both of these arguments. First, Judge
8  Du found that the ALJ set forth persuasive, specific and valid reasons for determining that
9  Plaintiff's VA disability rating was not conclusive as to whether Plaintiff retained the residual
10 functional capacity (RFC) to engage in sedentary work with additional limitations. (AR 1421-
11 1424.) Judge Du then agreed with Plaintiff that the ALJ did not explain why she accepted the
12 VE's testimony when it contradicted the DOT. (AR 1425-1426.) The court remanded the case for
13 the ALJ to explain why she rejected the DOT definitions. (AR 1426.)
14       Plaintiff had a hearing on remand with ALJ William Kurlander on March 1, 2019, which
15 was then continued to February 12, 2020. (AR 1316-1375.)
16       ALJ Kurlander issued a decision on March 9, 2020, finding Plaintiff not disabled. (AR
17 1297-1309.) Plaintiff requested review by the Appeals Council, but the Appeals Council denied
18 review, making this the final decision of the Commissioner. (AR 1279-1282.)
19       Plaintiff then commenced this second action for judicial review under 42 U.S.C.
20 § 405(g). Plaintiff argues that ALJ Kurlander erred by evaluating her VA disability rating using
21 the wrong legal standard.
22       The Commissioner opposes the motion, arguing that the law of the case doctrine
23 forecloses Plaintiff's argument.

## II. STANDARDS

### A. Five-Step Evaluation of Disability

Under the Social Security Act, "disability" is the inability to engage "in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A). A claimant is disabled if his or her physical or mental impairment(s) are so severe as to preclude the claimant from doing not only his or her previous work but also, any other work which exists in the national economy, considering his age, education and work experience. 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential process for determining whether a person is disabled. 20 C.F.R. §404.1520 and § 416.920; *see also Bowen v. Yuckert*, 482 U.S. 137, 140-41 (1987). In the first step, the Commissioner determines whether the claimant is engaged in "substantial gainful activity"; if so, a finding of nondisability is made and the claim is denied. 20 C.F.R. § 404.152(a)(4)(i), (b); § 416.920(a)(4)(i); *Yuckert*, 482 U.S. at 140. If the claimant is not engaged in substantial gainful activity, the Commissioner proceeds to step two.

The second step requires the Commissioner to determine whether the claimant's impairment or combination of impairments are "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c) and § 416.920(a)(4)(ii), (c); *Yuckert*, 482 U.S. at 140-41. An impairment is severe if it significantly limits the claimant's physical or mental ability to do basic work activities. *Id*. If the claimant has an impairment that is severe, the Commissioner proceeds to step three.

In the third step, the Commissioner looks at a number of specific impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listed Impairments) and determines whether the claimant's impairment meets or is the equivalent of one of the Listed Impairments. 20 C.F.R.

§ 404.1520(a)(4)(iii), (d) and § 416.920(a)(4)(iii), (d). If the claimant's impairment meets or equals one of the Listed Impairments, and is of sufficient duration, the claimant is conclusively presumed disabled. 20 C.F.R. § 404.1520(a)(4)(iii), (d), § 416.920(a)(4)(iii), (d). If the claimant's impairment is severe, but it does not meet or equal one of the Listed Impairments, the Commissioner proceeds to step four. *Yuckert*, 482 U.S. at 141.

At step four, the Commissioner determines whether the claimant can still perform "past relevant work." 20 C.F.R. § 404.1520(a)(4)(iv), (e), (f) and § 416.920(a)(4)(iv), (e), (f).

In making this determination, the Commissioner assesses the claimant's RFC and the physical and mental demands of the work previously performed. *See id.;* 20 C.F.R. § 404.1520(a)(4)(v), § 416.920(a)(4)(v); *see also Berry v. Astrue*, 622 F.3d 1228, 1231 (9th Cir. 2010). The RFC is what the claimant can still do despite his or her limitations. 20 C.F.R. § 404.1545 and § 416.945. If the claimant can still do past relevant work, then he or she is not disabled. 20 C.F.R. § 404.1520(f) and § 416.920(f); *see also Berry*, 62 F.3d at 131.

If, however, the claimant cannot perform past relevant work, the burden shifts to the Commissioner to establish at step five that the claimant can perform other work available in the national economy. 20 C.F.R. §§ 404.1520(e), 416.920(e); *see also Yuckert*, 482 U.S. at 141-42, 144.

If the Commissioner establishes at step five that the claimant can do other work which exists in the national economy, then he or she is not disabled. 20 C.F.R. § 404.1566(b), § 416.966(b). Conversely, if the Commissioner determines the claimant unable to adjust to any other work, the claimant will be found disabled. 20 C.F.R. § 404.1520(g), § 416.920(g).

///

///

4

**B. Judicial Review & Substantial Evidence**

The court must affirm the ALJ's determination if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522 (9th Cir. 2014) (citing 42 U.S.C. § 405(g)). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* at 522-23 (quoting *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012)).

To determine whether substantial evidence exists, the court must look at the record as a whole, considering both evidence that supports and undermines the ALJ's decision. *Gutierrez*, 740 F.3d at 524 (citing *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001)). The court "'may not affirm simply by isolating a specific quantum of supporting evidence.'" *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)). "'The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities.'" *Id.* (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). "If the evidence can reasonably support either affirming or reversing, 'the reviewing court may not substitute its judgment' for that of the Commissioner." *Gutierrez*, 740 F.3d at 524 (quoting *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1996)). That being said, "a decision supported by substantial evidence will still be set aside if the ALJ did not apply proper legal standards." *Id.* (citing *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009); *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003)). In addition, the court will "review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Garrison*, 759 F.3d at 1010 (citing *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003)).

## III. DISCUSSION

**A. ALJ's Findings in this Case**

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity from the alleged onset date of February 1, 2007 through her date last insured of March 31, 2010. (AR 1299.)

At step two, the ALJ concluded Plaintiff had the following severe impairments: anxiety, depression, post-traumatic stress disorder, mood disorder, personality disorder, back disorder, asthma, and obesity. (AR 1299.)

At step three, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the Listed Impairments. (AR 1300.)

At step four, the ALJ assessed Plaintiff as having the RFC to perform medium work, except she can perform routine and repetitive tasks, but she is off task five percent of the workday; she can occasionally interact with coworkers, supervisors and the general public; she can frequently balance, stoop, kneel, crouch and crawl; she can never work at exposed heights; she can frequently work around moving machinery and occasionally be exposed to temperature extremes, wetness, high humidity, and atmospheric irritants such as dust, fumes, odors and gases. (AR 1301.)

The ALJ then concluded Plaintiff had no past relevant work. (AR 1307.)

At step five, the ALJ determined that considering Plaintiff's age, education, work experience and RFC, there were jobs that exist in significant numbers in the national economy that Plaintiff could perform. (AR 1308.) As a result, the ALJ found Plaintiff not disabled at any

time from the alleged onset date of February 1, 2007, through her date last insured of March 31, 2010. (AR 1309.)

**B. VA Disability Rating**

Plaintiff argues that the ALJ evaluated Plaintiff's VA disability rating under 20 C.F.R. § 404.1504, which applies to claims filed on or after March 27, 2017, instead of the "persuasive, specific, valid reasons" standard for evaluating VA disability ratings for cases filed before March 27, 2017, set forth in *McCartey v. Massanari*, 298 F.3d 1072 (9th Cir. 2002). Plaintiff further contends that ALJ Kurlander did not set forth persuasive, specific and valid reasons for discounting her VA disability rating.

The Commissioner argues that the law of the case doctrine forecloses Plaintiff's argument because Chief District Judge Du found in the earlier proceeding that the ALJ set forth persuasive, specific and valid reasons for discounting Plaintiff's VA disability rating.

ALJ Kurlander accorded partial weight to the VA disability rating, stating: "Because the VA and SSA criteria for determining disability are not identical, an [ALJ] may accord less weight to a VA disability rating when there are persuasive, specific, valid reasons for doing so supported by the record[.]" (AR 1307 (citing 20 C.F.R. § 404.1504 and § 416.904; Social Security Ruling (SSR) 06-03). ALJ Kurlander also referenced Plaintiff's medical records summarized above and found they did not support a finding of disability under the Social Security regulations. ALJ Kurlander further noted the VA does not make a function-by-function assessment of an individual's capabilities; does not determine a claimant's RFC; and does not determine whether a claimant is able to perform either her past relevant work or other work that exists in significant numbers in the national economy. (AR 1307.)

1    The court agrees that even if ALJ Kurlander erred by citing the regulation governing
2 cases filed after March 27, 2017, any error was harmless under the law of the case doctrine.
3    "The law of the case doctrine generally prohibits a court from considering an issue that
4 has already been decided by that same court or a higher court in the same case." *Stacy v. Colvin*,
5 825 F.3d 563, 567 (9th Cir. 2016) (citing *Hall v. City of Los Angeles*, 697 F.3d 1059, 1067 (9th
6 Cir. 2012)). "The doctrine is concerned primarily with efficiency, and should not be applied
7 when the evidence on remand is substantially different, when the controlling law has changed, or
8 when applying the doctrine would be unjust." *Id*. (citing *Merritt v. Mackey*, 932 F.2d 1317, 1320
9 (9th Cir. 1991)). The law of the case doctrine applies in Social Security cases. *Id*. at 570.
10    Judge Du concluded that ALJ Gillis identified medical evidence in the record showing
11 that Plaintiff's mental condition was adequate for performing sedentary work with certain
12 additional limitations. Judge Du noted statements by Plaintiff's treating physicians cited by the
13 ALJ that constitute persuasive, specific and valid reasons for determining that Plaintiff's VA
14 disability rating was not conclusive as to whether Plaintiff retained the RFC to engage in
15 sedentary work with these additional limitations. (AR 1424.)
16    Plaintiff argued at that time that the ALJ did not adequately connect the medical evidence
17 to her decision to discount the VA disability rating. Judge Du specifically rejected this argument,
18 noting that while the paragraph in which the ALJ discussed Plaintiff's VA disability rating did
19 not contain the reasons listed above, those reasons appeared in the same section of the decision
20 as the paragraph regarding her VA disability rating. Moreover, the medical evidence cited
21 constituted a sufficient basis for discounting Plaintiff's VA disability rating. (*Id*.)
22    This is not a case where there was new medical evidence before ALJ Kurlander or where
23 there was a change in controlling law, or applying the law of the case doctrine would be unjust.

Therefore, Judge Du's decision is the law of the case. Plaintiff argues in her reply brief that Judge Du's decision on this issue is not law of the case because it is mere dicta as it was not the basis for the remand. Dicta is part of an order or opinion that is not essential to disposition of the case. Dictum, *Black's Law Dictionary* (11th ed. 2019). The fact that Judge Du made a finding that the ALJ did not err in this regard, and therefore remand was not warranted on this basis, does not make Judge Du's finding on this issue mere dicta. It is a substantive finding that was essential to the disposition of the case, and because it was adverse to the Plaintiff on that issue, it was not the basis for the remand.

Even if the law of the case doctrine did not apply, and even if ALJ Kurlander cited a regulation that did not apply to this claim given when it was filed, ALJ Kurlander still set forth sufficient persuasive, specific and valid reasons for according only partial weight to the VA disability rating. While ALJ Kurlander mentioned the differences between the VA disability rating system and the Social Security system, he also identified medical evidence in the record showing Plaintiff's medical condition was adequate to perform work at the assessed RFC level: diagnostic imaging only showed minimal abnormalities in the lumbar spine region (AR 1303); physical examinations revealed some minimal abnormalities, but most findings were normal (AR 1303-1304); Plaintiff's treatment regimens were conservative (AR 1304); Plaintiff indicated she could take care of a toddler, drive a car, perform household chores, and attend school with a need for no more than over the counter pain medication (AR 1304); the majority of her mental status examinations revealed her thought process was linear and logical and her memory was intact, her insight was fair and her judgment was adequate; and to the extent the record establishes some difficulty with social functioning, concentration, persistence and pace, Plaintiff was limited in these areas in her RFC (AR 1305-06).

While the paragraph discussing Plaintiff's VA disability rating did not specifically identify the medical evidence that supported this finding, ALJ Kurlander did state that the referenced medical records above did not support a finding of disability under the Social Security Regulations. Like the prior ALJ's decision, the medical evidence discussed by the ALJ was in the same section and immediately preceded the discussion of Plaintiff's VA disability rating. Moreover, the medical evidence described by ALJ Kurlander constitutes a sufficient basis for giving partial weight to the VA disability rating.

## IV. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DENYING** Plaintiff's motion for reversal and/or remand (ECF No. 15) and judgment should be entered in favor of the Commissioner.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: May 17, 2024

_____
Craig S. Denney
United States Magistrate Judge