UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

LIANA ALLEN,

                              Plaintiff,

      v.

MARTIN O'MALLEY,
Commissioner of Social
Security Administration,

                              Defendant.

Case No. 3:23-cv-00385-MMD-CSD

ORDER

## I.    SUMMARY

Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Craig S. Denney. (ECF No. 19.) Magistrate Judge Denney recommends that the Court deny Plaintiff Liana Allen's motion for reversal and/or remand (ECF No. 15). (*Id.*) Plaintiff filed an objection (ECF No. 21) to the R&R, and Defendant Martin O'Malley, Commissioner of Social Security Administration ("Commissioner") responded (ECF No. 22). The Court has reviewed the parties' briefs (ECF Nos. 15, 17, 18, 21), the R&R (ECF No. 19), and the administrative record ("AR") (ECF No. 11). For the following reasons, Plaintiff's objection is overruled, and the Court accepts and adopts the R&R in full.

## II.    BACKGROUND

Plaintiff applied for disability insurance benefits under Title II of the Social Security Act in April 2012, and alleged disability beginning on February 1, 2007. (ECF No. 19 at 1 (citing ECF No. 11-1 at 154-55).) The Administrative Law Judge ("ALJ") of the Social Security Administration denied Plaintiff's initial application as well as Plaintiff's request for reconsideration. (*Id.* (citing ECF No. 11-1 at 105-09, 111-17).) Upon Plaintiff's request, the ALJ held a hearing in January 2015. (*Id.* (citing ECF No. 11-1 at 44-76, 119).) In April

1    2015, the ALJ issued a decision in which she found that Plaintiff was not disabled. (*Id.*
2    citing ECF No. 11-1 at 26-41).) The ALJ's decision became the final decision of the
3    Commissioner when the Appeals Council denied Plaintiff's request for review. (*Id.* at 1-2
4    (citing ECF No. 11-1 at 1).)

5         Plaintiff then commenced an action under 42 U.S.C. § 405(g) for judicial review of
6    the ALJ's final decision. (*Id.* at 2.) *See also Whittington v. Berryhill*, Case No. 3:16-cv-
7    00534-MMD-WGC, 2018 WL 1915078 (D. Nev. Apr. 23, 2018). On review, the Court
8    considered two of Plaintiff's arguments. (*Id.*) *See also Whittington*, 2018 WL 1915078, at
9    *2-*3. First, the Court addressed Plaintiff's argument that the ALJ failed to set forth
10   persuasive, specific, and valid reasons for discounting Plaintiff's Veterans Affairs ("VA")
11   disability rating. (*Id.*) *See also Whittington*, 2018 WL 1915078, at *2. But the Court
12   rejected Plaintiff's argument, affirming the ALJ. *See Whittington*, 2018 WL 1915078, at
13   *2. In doing so, the Court concluded that the ALJ identified medical evidence in the record
14   constituting persuasive, specific, and valid reasons for discounting Plaintiff's VA disability
15   rating. *See id.*

16        Second, the Court addressed Plaintiff's argument that the ALJ failed to explain why
17   she accepted testimony from a vocational expert ("VE") when that testimony contradicted
18   explicit designations under the Dictionary of Occupational Titles ("DOT"). (ECF No. 19 at
19   2.) *See also Whittington*, 2018 WL 1915078, *3. The Court agreed with Plaintiff,
20   concluding that the ALJ failed to explain why she privileged the VE's testimony over the
21   DOT designations where the VE's testimony was inconsistent with the DOT's
22   designations. *See Whittington*, 2018 WL 1915078, *3. Accordingly, the Court granted
23   Plaintiff's motion to remand solely on that basis and limited the scope of remand
24   exclusively to an instruction for the ALJ to explain why she rejected the DOT designations.
25   *See id.*

26        On remand, a separate ALJ held a hearing in February 2020. (ECF No. 19 at 2
27   (citing ECF No. 11-1 at 1322-81).) In March 2020, the ALJ issued a decision in which he
28   found that Plaintiff was not disabled. (*Id.* (citing ECF No. 11-1 at 1303-15).) At step four

1    of the five-step legal standard for evaluation of disability under the Social Security Act,

2    the ALJ discounted Plaintiff's VA disability rating, according it only partial weight when

3    assessing Plaintiff's RFC level. (ECF No. 11-1 at 1313.) The ALJ's decision became the

4    final decision of the Commissioner when the Appeals Council denied Plaintiff's request

5    for review. (ECF No. 19 at 2 (citing ECF No. 11-1 at 1285-88).) Plaintiff then commenced

6    this action under 42 U.S.C. § 405(g) for judicial review of the ALJ's final decision. (*Id.*)

7           On review, Plaintiff argues that the ALJ erred by "evaluat[ing] [Plaintiff]'s VA

8    disability rating using the wrong legal standard." (ECF No. 15 at 2.) Plaintiff asserts that

9    the ALJ failed to set forth persuasive, specific, and valid reasons for discounting her VA

10   disability rating because the ALJ evaluated her VA disability rating under 20 C.F.R. §

11   404.1504. (*Id.* at 11-13.) And because § 404.1504 applies to claims filed on or after March

12   27, 2017, and Plaintiff filed her claim before March 27, 2017, the ALJ should have applied

13   the "persuasive, specific, and valid reasons" standard (*id.*).  Plaintiff contends this is the

14   standard for evaluating VA disability cases filed before March 27, 2017, as set forth by

15   the Ninth Circuit Court of Appeals in *McCartey v. Massanari*, 298 F.3d 1072 (9th Cir.

16   2002).

17          In response, the Commissioner asserts that Plaintiff's argument is foreclosed by

18   the law of the case doctrine because the Court already addressed the argument in

19   *Whittington* and concluded that the ALJ identified medical evidence in the record

20   constituting persuasive, specific, and valid reasons for discounting Plaintiff's VA disability

21   rating. (ECF No. 17 at 2-3 (citing *Whittington*, 2018 WL 1915078, at *2).) In reply, Plaintiff

22   argues that, in *Whittington*, the Court's analysis and conclusions addressing Plaintiff's

23   argument that the ALJ erred by discounting Plaintiff's VA disability rating were dicta and,

24   therefore, the law of the case doctrine is inapplicable to this case. (ECF No. 18 at 2 (citing

25   *Whittington*, 2018 WL 1915078, at *2).)

26   ///

27   ///

28   ///

## III.   LEGAL STANDARDS

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.*

Congress has limited the scope of judicial review of the Commissioner's decisions to deny benefits under the Social Security Act. In reviewing findings of fact, the Court must determine whether the decision of the Commissioner is supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence is more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522-23 (9th Cir. 2014) (internal quotation marks and citations omitted). The court must consider the entire record as a whole to determine whether substantial evidence exists, and it must consider evidence that both supports and undermines the ALJ's decision. *See id.* at 523 (citation omitted). "If the ALJ's finding is supported by substantial evidence, the court may not engage in second-guessing." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). In weighing the evidence and making findings, the Commissioner must also apply the proper legal standards. *See id.* (citations omitted). Courts "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

## IV.   DISCUSSION

In the R&R, Magistrate Judge Denney recommends that the Court deny Plaintiff's motion for reversal and/or remand. (ECF No. 19 at 7.) Magistrate Judge Denney determined that, even if the ALJ erred by citing the incorrect law when evaluating Plaintiff's VA disability rating, any such error was harmless because the law of the case doctrine applies to Plaintiff's current argument. (*Id.*) Magistrate Judge Denney also determined that, even if the law of the case doctrine does not prevent this Court from

4

considering Plaintiff's argument on review of the ALJ's final decision, the ALJ set forth sufficient persuasive, specific, and valid reasons for according only partial weight to Plaintiff's VA disability rating. (*Id.* at 9.)

Plaintiff insists that the law of the case doctrine does not apply. (ECF No. 21 at 2-3.) However, Plaintiff's objection is without merit for the following three reasons. First, the ALJ exceeded the appropriate scope of remand when he addressed Plaintiff's VA disability rating, meaning that issue was never before the ALJ and his evaluation is null and void. Second, the law of the case doctrine prohibits the Court from considering an issue that has already been decided by this Court in this case. Third, even if the ALJ did not exceed the appropriate scope of remand and the law of the case doctrine did not apply, any failure on the part of the ALJ to apply the proper legal standard is harmless because the medical evidence the ALJ relied upon constitutes a sufficient basis for discounting Plaintiff's VA disability rating.

1. Appropriate scope of remand

First, the ALJ exceeded the appropriate scope of remand when he addressed Plaintiff's VA disability rating because that issue was never before the ALJ on remand. In *Whittington*, Plaintiff appealed the ALJ's decision finding her not disabled, and the Court affirmed in part and remanded in part. *See* 2018 WL 1915078, *1-*4. The Court addressed and rejected Plaintiff's argument that the ALJ failed to set forth persuasive, specific, and valid reasons for discounting Plaintiff's VA disability rating, affirming the ALJ on this issue. *See id.* at *2. But when the Court addressed Plaintiff's argument that the ALJ failed to explain why she accepted testimony from a VE that contradicted explicit designations under the DOT, the Court agreed with Plaintiff, and granted Plaintiff's motion to remand solely on that basis. *See id.* at *3. The Court limited the appropriate scope of remand exclusively to its clear instruction for the ALJ to explain why she rejected the DOT designations. *See id.* Therefore, when the ALJ addressed Plaintiff's VA disability rating on remand, he exceeded the appropriate scope of remand. Thus, because the ALJ was bound by the Court's remand, the ALJ's evaluation of Plaintiff's VA disability rating on

1   remand is null and void. The ALJ's evaluation that the Court affirmed in *Whittington*
2   remains the proper evaluation. *See Arizona v. California*, 460 U.S. 605, 618 (1983)
3   (explaining that "when a court decides upon a rule of law, that decision should continue
4   to govern the same issues in subsequent stages in the same case"); *United States v.*
5   *Thrasher*, 483 F.3d 977, 982 (9th Cir. 2007) (holding that a lower court is limited by the
6   higher "court's remand in situations where the scope of the remand is clear"); *Ramirez-*
7   *Ruano v. Garland*, Case No. 22-1122, 2023 WL 5500202, *1 (9th Cir. 2023) (unpublished
8   memorandum opinion) ("But this issue was previously raised and denied by our court; it
9   was thus outside the scope of remand, and the [Board of Immigration Appeals] properly
10  refused to address it.") (internal citation omitted).

11      2.  Law of the case doctrine

12      Even if the ALJ's evaluation of Plaintiff's VA disability rating on remand was not
13  null and void, the law of the case doctrine prohibits the Court from considering an issue
14  that has already been decided by the Court in this case. "The law of the case doctrine
15  generally prohibits a court from considering an issue that has already been decided by
16  the same court or a higher court in the same case." *Stacy v. Colvin*, 825 F.3d 563, 567
17  (9th Cir. 2016) (citing *Hall v. City of Los Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012)).
18  "The doctrine is concerned primarily with efficiency, and should not be applied when the
19  evidence on remand is substantially different, when the controlling law has changed, or
20  when applying the doctrine would be unjust." *Id.* (citing *Merritt v. Mackey*, 932 F.2d 1317,
21  1320 (9th Cir. 1991)). The law of the case doctrine applies in Social Security cases. *See*
22  *id.* at 570.

23      Plaintiff argues that the law of the case doctrine does not apply because, while the
24  Court addressed whether the previous ALJ's evaluation of Plaintiff's VA rating was proper,
25  the Court has not addressed whether the most recent ALJ's evaluation of Plaintiff's VA
26  rating was proper. (ECF No. 21 at 2-3.) However, Plaintiff is mistaken.

27      In *Whittington*, the Court considered and rejected Plaintiff's argument that the ALJ
28  failed to set forth persuasive, specific, and valid reasons for discounting Plaintiff's VA

6

disability rating. *See* 2018 WL 1915078, at *2. Plaintiff argued that the ALJ failed to do so because she "did not adequately connect the medical evidence to her decision to discount Plaintiff's VA disability rating." *Id.* (citing ECF No. 16 at 7). Before addressing Plaintiff's argument, the Court detailed Plaintiff's VA disability rating and its basis. *See id.* The Court then explained that "ALJs may discount VA disability ratings by giving persuasive, specific, valid reasons for doing so that are supported by the record." *Id.* (citing *McCartey*, 298 F.3d at 1076).

The Court outlined observations by Plaintiff's treating physicians in the record and concluded that such medical evidence constituted persuasive, specific, valid reasons to discount Plaintiff's VA disability rating. *See id.* The Court then rejected Plaintiff's argument on the basis that "[w]hile the paragraph in which the ALJ discussed Plaintiff's VA disability rating did not contain the reasons [the Court] listed [related to Plaintiff's treating physicians], those reasons appeared in the same section of the decision as the paragraph regarding Plaintiff's VA disability rating." *Id.* (internal citation omitted) Thus, the Court affirmed the ALJ because the medical evidence in the record described in the ALJ's decision "constitute[d] a sufficient basis for discounting Plaintiff's VA disability rating," thereby satisfying the "persuasive, specific, and valid reasons" standard. *Id.*

Here, Plaintiff, once again, challenges the ALJ's decision to discount Plaintiff's VA disability rating, arguing that the ALJ failed to set forth persuasive, specific, and valid reasons for doing so because the ALJ did not use the "persuasive, specific, and valid reasons" standard. (ECF No. 15 at 2.) But the issue of whether an ALJ satisfied the "persuasive, specific, and valid reasons" standard and provided a sufficient basis within the record for discounting Plaintiff's VA disability rating has already been decided by this Court in *Whittington*. Plaintiff broadly asserts that the most recent ALJ "had many more medical records to contend with" but, as the Commissioner points out, Plaintiff fails to identify a single piece of new evidence that would warrant a determination that the evidence on remand was substantially different than the evidence the Court considered in *Whittington*. In sum, the law of the case doctrine applies to Plaintiff's challenge of the

1    ALJ's decision to discount Plaintiff's VA disability rating and prohibits the Court from

2    considering the issue as it has already been decided by the Court in *Whittington*.

3        3.  Harmless Error

4        Finally, even if the law of the case doctrine does not apply, any failure on the part

5    of the ALJ to apply the proper legal standard is harmless because the medical evidence

6    the ALJ relied upon constitutes a sufficient basis for discounting Plaintiff's VA disability

7    rating.[1]

8        When the ALJ accessed Plaintiff's RFC level, the ALJ discounted Plaintiff's VA

9    disability rating, according it only partial weight. (ECF No. 11-1 at 1313.) When doing so,

10   the ALJ referenced the medical evidence in the record that he previously identified as not

11   supporting a finding of disability under the Social Security Administration criteria. (*Id.* at

12   1308-13.) The ALJ then explained Plaintiff's VA disability rating, the evidentiary value the

13   ALJ granted it, and the context of why Plaintiff's VA disability rating "is not dispositive and

14   not equivalent to 'disabled' as defined under Social Security regulations." (*Id.* at 1313.)

15       Like the ALJ in *Whittington*, here, the ALJ did not specifically identify the medical

16   evidence that supported discounting Plaintiff's VA disability rating in the exact same

17   paragraph in which he discussed Plaintiff's VA disability rating. *Compare Whittington*,

18   2018 WL 1915078, at *2 *with* (ECF No. 11-1 at 1308-13). Yet, in the same section of the

19   decision and immediately preceding the ALJ's discussion of Plaintiff's VA disability rating,

20   the ALJ identified medical evidence that, upon review by this Court, constitutes a sufficient

21   basis for discounting Plaintiff's VA disability rating. (ECF No. 11-1 at 1308-13.)

22   ///

23

24       [1]The ALJ incorrectly cited 20 C.F.R. § 404.1504 when evaluating Plaintiff's VA
     disability rating. (ECF No. 11-1 at 1313.) Section 404.1504 applies to claims filed on or
25   after March 27, 2017, and Plaintiff filed her claim before March 27, 2017. Therefore, the
     "persuasive, specific, and valid reasons" standard for evaluating VA disability cases filed
26   before March 27, 2017, applied to Plaintiff's claim. *See McCartey*, 298 F.3d at 1076.
     Nevertheless, while the ALJ incorrectly cited to 20 C.F.R. § 404.1504, he identified and
27   applied the correct "persuasive, specific, and valid reasons" standard. (ECF No. 11-1 at
     1313 (explaining that "an [ALJ] may accord less weight to a VA disability rating when
28   there are persuasive, specific, valid reasons for doing so supported by the record").)

As Magistrate Judge Denney pointed out in the R&R, the medical evidence the ALJ identified in the record that satisfied the "persuasive, specific, and valid reasons" standard includes the following: (1) diagnostic imaging showing only minimal abnormalities in the lumbar spine region; (2) while physical examinations revealed some minimal abnormalities, most findings were normal; (3) Plaintiff's treatment regimens were conservative; (4) Plaintiff indicated she could take care of a toddler, drive a car, perform household chores, and attend school with a need for no more than over the counter pain medication; and (5) the majority of Plaintiff's mental status examinations revealed her thought process was linear and logical, her memory was intact, her insight was fair, and her judgment was adequate. (ECF No. 19 at 9 (citing ECF No. 11-1 at 1308-12).)

Thus, the Court's explanation of harmless error in *Whittington* equally applied here because "any failure on the part of the ALJ to adequately connect the medical evidence to [his] decision to discount Plaintiff's disability rating, [even if that error occurred as a result of failing to apply the proper legal standard], amounts to harmless error because the medical evidence recited above and described in the ALJ's decision constitutes a sufficient basis for discounting Plaintiff's VA disability rating." 2018 WL 1915078, *2; *see also Molina*, 674 F.3d at 1111 (explaining that courts "may not reverse an ALJ's decision on account of an error that is harmless"); *Gutierrez*, 740 F.3d at 523 (explaining that the court must consider the entire record as a whole to determine whether substantial evidence exists).

## V.    CONCLUSION

The Court notes that the parties made several arguments and cited several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that Magistrate Judge Denney's Report and Recommendation (ECF No. 19) is accepted and adopted in full.

It is further ordered that Plaintiff's objection (ECF No. 21) is overruled.

It is further ordered that Plaintiff's Motion to Remand (ECF No. 15) is denied.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 19th Day of August 2024.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE